IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JONATHAN DAVIS TURNAGE,** *et al.*          **PLAINTIFFS**

V.                         CIVIL ACTION NO. 2:14-CV-124-KS-MTP

**MESSERSMITH MANUFACTURING, INC.**          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Dismiss [4], **denies** Plaintiffs' Motion [12] for jurisdictional discovery, and **grants** Plaintiffs' Motion [11] for leave to amend the complaint.

### I. BACKGROUND

This is a product liability case. Plaintiff Jonathan Davis Turnage worked in a lumber plant in Silver Creek, Mississippi, cleaning and maintaining an auger which conveys wood materials to a heating system. Plaintiff alleges that the auger turned despite being shut down and secured, and that it severed fingers from each of his hands. He further alleges that Defendant, Messersmith Manufacturing, Inc., manufactured, sold, and installed the auger.

Plaintiff and his wife filed this suit, alleging design, manufacturing, and warning defect claims under the Mississippi Product Liability Act.[1] Defendant is a manufacturing company out of Michigan that designs, fabricates, and installs custom biomass boiler systems. It filed a Motion to Dismiss [4], arguing that the Court lacks personal jurisdiction over it. Plaintiffs responded with a Motion for Leave to File [11]

---

[1] MISS. CODE ANN. § 11-1-63.

an Amended Complaint and a Motion for Jurisdictional Discovery [12]. The motions are ripe for review.

## II. DISCUSSION

### A. *Personal Jurisdiction*

Plaintiffs have the burden of making a *prima facie* showing that the Court has jurisdiction over Defendant. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings. It may . . . determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Jobe v. ATR Mktg.*, 87 F.3d 751, 753 (5th Cir. 1996). However, the Court must accept Plaintiffs' undisputed allegations as true and resolve all factual disputes in Plaintiff's favor. *Pervasive Software*, 688 F.3d at 219-20; *McFadin v. Gerber*, 587 F.3d 753, 758 (5th Cir. 2009).

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin*, 587 F.3d at 759. Defendant's motion only addresses the due process clause. The Court's analysis varies depending on the type of jurisdiction asserted. "Jurisdiction may be general or specific, depending on the nature of the defendant's forum-related contacts." *Jackson v. Tanfoglio Giuseppe S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

*1.     General Jurisdiction*

"General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic." *Id.* This test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum. To confer general jurisdiction, a defendant must have a business presence in the forum state. Injecting a product, even in substantial volume, into a forum state's 'stream of commerce,' without more, does not support general jurisdiction." *Id.* (citations and punctuation omitted).

Plaintiffs have not offered any evidence, and the allegations of the Amended Complaint [1-2] are insufficient to demonstrate that Defendant has "substantial, continuous, and systematic" contacts with the state of Mississippi. Plaintiffs only alleged that Defendant manufactured the auger that injured him.

Defendant offered the declaration [4-1] of Gailyn Messersmith, its owner. Messersmith declared that Defendant has no plant, offices, real or personal property, employees, bank accounts, or any other assets in Mississippi. He declared that Defendant conducts no business in Mississippi, that it has no contracts with Mississippi residents, and that it has never availed itself of the protection of Mississippi's laws or court system. He declared that Defendant has never designed or fabricated a boiler system to be installed in Mississippi, nor has it ever installed or sold a boiler system in Mississippi.

Plaintiffs have offered nothing to dispute Defendant's evidence. Therefore, they have not carried their *prima facie* burden to demonstrate "substantial, continuous, and

systematic" contacts with the state of Mississippi. *Id.* at 584-85 (defendant had no office, bank accounts, employees, address, property in forum state; it had not registered to do business or paid taxes in forum state; it did not directly sell any products in forum state).

   2.   *Specific Jurisdiction*

"Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Court "applies a three-step analysis to determine specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Jackson*, 615 F.3d at 585; *see also Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013). The crux of the analysis "is whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759.

"In cases involving a product sold or manufactured by a foreign defendant, [the Fifth Circuit] has consistently followed a 'stream-of-commerce' approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Ainsworth*, 716 F.3d at 177. "[M]ere foreseeability or awareness is a

4

constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce, but the defendant's contacts must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.* (punctuation and citations omitted).

Here, Plaintiff offered no evidence and only alleged that Defendant manufactured the auger which caused his injury. Defendant provided an undisputed declaration [4-1] from its owner that Defendant has never 1) contracted with a resident of Mississippi, 2) designed or fabricated a boiler system to be installed in Mississippi, or 3) installed or sold a boiler system in Mississippi.

Defendant's owner also declared that he was unaware of any system designed, fabricated, or installed by Defendant having been moved into Mississippi from an out-of-state facility. He explained that Defendant's biomass boiler heating systems are designed and fabricated specifically for each customer's facility; the systems are "large, heavy and essentially unmovable, unless . . . first disassembled." Defendant provided one of its brochures [4-2], which includes photographs of one of their boiler systems, demonstrating their size and complexity.

Defendant has a contract with a marketing company to sell its boiler systems in New England, but the marketing company's territory does not extend to Mississippi. Defendant admits that it has received one inquiry from an individual in Mississippi through its website (which does not specifically target Mississippi), but the individual was not Plaintiff or his employer. Defendant provided an estimate for a boiler system,

and nothing further happened.

Defendant argues that these facts demonstrate that it is not foreseeable that one of its boiler systems would make its way through the stream of commerce into Mississippi. Defendant argues that the system at issue – if it is, in fact, one of Defendant's boiler systems – had to have been disassembled and transported to Mississippi from out of state, because of Defendant's lack of any meaningful contacts with Mississippi, [2] the fact that its systems are specially designed for the facilities in which they are installed, and each systems' size and weight.

The Court agrees that the evidence demonstrates that it is not foreseeable that one of Defendant's large, heavy boiler systems custom designed for an out-of-state facility would make its way into Mississippi. Defendant has not marketed, sold, or installed its systems in Mississippi. If the boiler system at issue was manufactured by Defendant, it had to have been brought into the state by "the unilateral activity of another party or third person," and that is not a constitutionally sufficient basis for the exercise of personal jurisdiction. *Id.*; *see also In re Chinese-Manufactured Drywall Prods.*, 753 F.3d 521, 548 (5th Cir. 2014). "Once a product has reached the end of the stream of commerce and is purchased, a consumer's unilateral decision to take a product to a distant state, *without more*, is insufficient to confer personal jurisdiction over the manufacturer or distributor." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 273 (5th Cir. 2006). Even if Defendant had directly sold and installed the subject

---

[2]Plaintiffs have not argued that Defendant's website and the single online inquiry from a Mississippi resident are enough to establish jurisdiction.

boiler system to Plaintiff's employer, a single isolated sale is not sufficient to establish specific personal jurisdiction. *See J. McIntyre Machinery, Ltd. v. Nicastro*, – U.S. –, 131 S. Ct. 2780, 2792, 180 L. Ed. 2d 765 (2011); *Ainsworth*, 716 F.3d at 178 ("a single isolated sale" is not an adequate basis for personal jurisdiction).

In summary, the record contains no evidence or allegation indicating that Defendant should "reasonably anticipate being haled into court" in Mississippi. *Seiferth*, 472 F.3d at 273. In fact, the record demonstrates the opposite. Accordingly, the Court's exercise of personal jurisdiction over Defendant would violate the Due Process Clause of the Fourteenth Amendment.

### B.   *Jurisdictional Discovery*

Plaintiffs argue that they should be permitted to conduct jurisdictional discovery. They request permission to serve interrogatories and requests for production, as well as to conduct "two or three depositions to determine . . . if a Messersmith auger is installed in a plant in Mississippi; [w]hether or not Messersmith knew, or should have known, that the auger foreseeably would be installed in a plant in Mississippi; and the party or parties who designed, or built, [the] biomass boiler system at" Plaintiff's employer.

"As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). They are "not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a" motion to dismiss. *Id.* The Court has "broad discretion in all

discovery matters." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*

Plaintiffs have not demonstrated that their requested discovery would alter the outcome of Defendant's motion. Plaintiffs want to determine whether Defendant manufactured and installed the boiler system which allegedly caused their injuries. A single isolated sale is not sufficient to establish specific personal jurisdiction. *See McIntyre*, 131 S. Ct. at 2792; *Ainsworth*, 716 F.3d at 178. Therefore, even if Plaintiffs uncover evidence demonstrating that the boiler system at issue was manufactured, sold, and installed by Defendant, the exercise of personal jurisdiction would still be improper. The Court further notes that Plaintiffs seek leave to amend their complaint to add another defendant who allegedly designed, manufactured, or installed the subject heating system.

## C.    *Amended Complaint*

Plaintiffs seek leave to amend their complaint to add another defendant. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Defendant does not object to the amendment insofar as it does not affect the Court's subject matter jurisdiction, and Plaintiffs represent that the proposed defendant is an Alabama corporation. Therefore, the Court grants Plaintiffs' Motion for Leave to File [11] an Amended Complaint.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion to Dismiss [4] for lack of personal jurisdiction and **denies** Plaintiffs' Motion to Allow Limited Discovery [12]. Plaintiffs' claims against Defendant Messersmith Manufacturing, Inc. are dismissed without prejudice.

The Court **grants** Plaintiffs' Motion for Leave to File [11] an Amended Complaint. Plaintiffs may file an Amended Complaint that conforms with the changes proposed in their motion. Plaintiffs shall file the Amended Complaint **within two weeks** of the entry of this order, and **failure to do so may lead to the dismissal of this case in its entirety**.

SO ORDERED AND ADJUDGED this 14th day of January, 2015.

>	*s/Keith Starrett*
>	UNITED STATES DISTRICT JUDGE