**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

JONATHAN DAVIS TURNAGE
and WIFE, ANGELA TURNAGE                                                        **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 2:14-CV-124-KS-MTP**

MCCONNELL SALES AND ENGINEERING
CORPORATION, INC., AN ALABAMA
CORPORATION; MCCONNELL TECHNOLOGIES,
INC., AN ALABAMA CORPORATION; and
JOHN DOES C THROUGH Z                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [34] filed by Defendant McConnell Technologies, Inc. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I. BACKGROUND**

Plaintiffs Jonathan and Angela Turnage ("Plaintiffs") initiated this products liability action on March 24, 2014, against John Does A through Z in the Circuit Court of Lawrence County, Mississippi. They amended their complaint on July 7, 2014, to assert claims against MesserSmith Manufacturing, Inc. ("MesserSmith"). MesserSmith removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. MesserSmith was subsequently dismissed for lack of personal jurisdiction on January 14, 2015.

Plaintiffs amended their complaint again on January 27, 2015, substituting the unknown defendant John Doe A with Defendant McConnell Sales and Engineering Corporation, Inc. Plaintiffs amended once more on August 27, 2015, in order to replace the unknown defendant designated as John Doe B with Defendant McConnell Technologies Inc. ("McConnell Technologies").

McConnell Technologies now brings the current Motion to Dismiss [34], arguing that the claims of strict liability and negligence against it are time-barred by the three-year statute of limitations found in Mississippi Code Annotated § 15-1-49.

## II.  DISCUSSION

"[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).  "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

The parties agree that, if Plaintiffs' substitution of McConnell Technologies does not relate back to the date of the original complaint, then their claims against it are time-barred by the applicable three-year statute of limitations.  They also agree that if this substitution does relate back to the original complaint, the claims are not time-barred.  Whether the claims relate back, then, is the only question before the Court.

Plaintiffs argue that relation back is necessitated by Federal Rule of Civil Procedure 15(c)(1)(C), which allows an amended pleading adding a party to relate back to the original filing date when the new party had notice of the action and where there was a mistake concerning the proper party's identity.  The Fifth Circuit has ruled, however, "that, for a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998). Furthermore, even if Plaintiffs were correct that there was a mistake as to the identity of the proper defendant, they claim that McConnell Technologies had notice that legal action was "probable" at

some unspecified time after the injury took place. Rule 15(c)(1)(C)(i) does not, however, require notice that an action *could* be brought—it requires notice that the pending action *has* been brought. Nothing in the record indicates that McConnell Technologies had notice of the current action. Therefore, Plaintiffs argument for relation back under Rule 15(c)(1)(C) must fail under both prongs of the analysis.

McConnell Technologies argues that the only avenue of relation back available to Plaintiffs is under Rule 15(c)(1)(A), which allows relation back when "the law that provides the applicable statute of limitations allows relation back." The advisory committee notes to this rule state that "[w]hatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." Fed. R. Civ. P. 15(c)(1) advisory committee note; *see also Pruitt v. Invacare Corp.*, No. 2:13-CV-293-TSL-JCG, 2014 WL 5465342, at *3 (S.D. Miss. Oct. 28, 2014); *Thomas v. Rankin Cty., Miss.*, No. 3:14-CV-419-DPJ-FKB, 2015 WL 5772398, at *3 (S.D. Miss. Sept. 30, 2015). Under Mississippi law, the controlling body of law for the applicable statute of limitations, relation back is allowed when substituting a real party for a fictitious party when the plaintiff has exercised reasonable diligence in determining the true identity of the fictitious party. *Wilner v. White*, 929 So.2d 315, 322-323 (Miss. 2006).

McConnell Technologies contends that, because Plaintiffs learned of its identity through investigative inquiries not aided by court-authorized discovery, their failure to employ those same inquiries within the three-year limitations period defeats any claim of "reasonable diligence" they may advance. Plaintiffs offer no argument or evidence to refute this contention, instead resting on their belief that a diligence inquiry is not required as the amendment relates back under Rule 15(c)(1)(C), which the Court has already established does not apply. As the record does not show

3

that Plaintiffs exercised reasonable diligence in determining McConnell Technologies' identity, the Court cannot find that Plaintiffs' substitution of McConnell Technologies for John Doe B relates back to the date the original complaint was filed. Therefore, the claims against McConnell Technologies are time-barred by the statute of limitations and must be dismissed.

For the foregoing reasons, the Court will **grant** the Motion to Dismiss [34] and the claims against McConnell Technologies will be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that McConnell Technologies' Motion to Dismiss [34] is **granted**.  Plaintiffs' claims against McConnell Technologies are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 9th day of February, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE