IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JONATHAN DAVIS TURNAGE,** *et al.*                                      **PLAINTIFFS**

**V.**                                       **CIVIL ACTION NO. 2:14-CV-124-KS-MTP**

**MCCONNELL SALES AND ENGINEERNING
CORPORATION, INC.,** *et al.*                                      **DEFENDANTS**

### ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion for Reconsideration [41].

### I. BACKGROUND

This is a product liability case. On January 14, 2015, the Court granted [20] the original defendant's Motion to Dismiss [4] for lack of personal jurisdiction, and it granted Plaintiffs' Motion for Leave to File [11] an Amended Complaint. About two weeks later, Plaintiffs filed an Amended Complaint [21] naming McConnell Sales and Engineering Corporation, Inc. and John Does as defendants. A summons was then issued [23] and served [24] on April 30, 2015.

Months passed, and nothing happened in the case. No defendant answered the complaint, and Plaintiffs did not seek a default judgment. The Court eventually entered two Orders to Show Cause [25, 26] why the case should not be dismissed for failure to prosecute. Plaintiffs eventually responded [28], claiming that they had experienced "difficulty in finding the correct name of the John Doe defendants" and sought leave to amend once again and identify "John Doe B" as the proper defendant, McConnell Technologies, Inc. The Court construed the response as a motion to amend

and granted it [29]. Plaintiff subsequently filed their Second Amended Complaint [30], which named McConnell Sales and Engineering Corporation, Inc., McConnell Technologies, Inc., and John Does as Defendants.

On November 17, 2015, Defendant McConnell Technologies, Inc. filed a Motion to Dismiss [34] pursuant to Rule 12(b)(6). Defendant argued that Plaintiffs' claims were barred by the applicable statute of limitations, and that the claims asserted against it in the Second Amended Complaint did not relate back to the filing of the original complaint because Plaintiffs failed to conduct a reasonably diligent inquiry to discover the proper Defendant.

On February 9, 2016, the Court granted Defendant's motion [40] and dismissed Plaintiffs' claims against it. The Court ruled that Plaintiffs' claims against Defendant did not relate back under Rule 15(c)(1)(C)(i) because the Fifth Circuit has ruled "that, for a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998). The Court also ruled that Plaintiffs' claims did not relate back under Rule 15(c)(1)(A) because Plaintiffs had not exercised reasonable diligence in determining Defendant's identity.

Plaintiffs filed a Motion [41] for the Court to reconsider its ruling on Defendant's motion to dismiss pursuant to Rule 59(e), which is now ripe for review.

## II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion

is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [41] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [40] of March 8, 2016, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

First, Plaintiffs argue that the Court inappropriately considered evidence outside the pleadings in determining that they did not use reasonable diligence to identify the proper Defendant. However, neither party presented the Court with any matters outside the pleadings. Therefore, the Court did consider any evidence, nor could it have done so.

Plaintiffs also argue that the Court wholly relied on Defendant's conclusory statement that they did not use reasonable diligence to identify the proper Defendant. This assertion is false. The Court based its decision on the record and Plaintiffs' own representations in briefing.

Plaintiffs filed this case in August 2014, but they apparently did not know who they actually needed to sue until August 2015. In fact, they only sought leave to add McConnell Technologies, Inc. in response to *two* orders to show cause why their case should not be dismissed for failure to prosecute. According to Plaintiffs' response to Defendant's motion to dismiss, they discovered the identity of the proper Defendant after simply asking Plaintiff Jonathan Turnage's employer who serviced the equipment after the accident. This route of investigation could – and should – have been pursued *before* filing suit, and Plaintiffs have offered no explanation for why they waited until over a year later to do so. Therefore, the Court did not err in finding that Plaintiffs failed to exercise reasonable diligence in identifying the proper Defendant. *Cf. Pipe Freezing Servs. v. Air Liquide Am., LP*, 2009 U.S. Dist. LEXIS 81472, at *10 (S.D. Miss. Aug. 20, 2009) (plaintiff had responsibility to identify defendants prior to filing suit and was not entitled to a fishing expedition to correct its failure).

Plaintiffs also argue that the Court should have converted the Rule 12(b)(6) motion to a Rule 56 motion pursuant to Rule 12(d) and permitted them an opportunity to present evidence. However, Defendant presented no matters outside the pleadings in support of its motion. Therefore, Rule 12(d) is inapplicable.

Finally, the Court notes that Plaintiffs could have raised these arguments in response to Defendant's motion, but they did not do so. Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement*, 321 F. App'x at 364.

## IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion [41] to reconsider its prior ruling.

SO ORDERED AND ADJUDGED, on this, the 16th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

5